UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VANESSA MCELWAIN, ON
BEHALF OF HERSELF AND
THOSE SIMILARLY
SITUATED,                                              CASE NO.:

        Plaintiff,

vs.

BUTH-NA BODHAIGE, INC., A
FOREIGN CORPORATION,
D/B/A THE BODY SHOP

        Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, VANESSA MCELWAIN, on behalf of herself and those similarly situated, by and through the undersigned attorney, sues the Defendant, BUTH-NA BODHAIGE, INC., d/b/a The Body Shop (hereinafter "The Body Shop"), and alleges:

1.     Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").  This action is intended to include each and every non-exempt store managers and assistant store managers who worked for

1

Defendant within the last three (3) years.

## GENERAL ALLEGATIONS

2. Plaintiff was an hourly paid employee working as a manager for one of Defendant's The Body Shop locations at the Perimeter Mall in Atlanta, Georgia.

3. Plaintiff worked for Defendant from approximately 2008 to the end of May 2014.

4. The Body Shop is a foreign corporation that operates and conducts business nationwide, including in Atlanta, Georgia.

5. Defendant operates hundreds of "The Body Shop" stores across the country. *See* www.thebodyshop-usa.com.

6. At each of these locations, The Body Shop employs hourly paid store managers and assistant managers to help operate the locations.

7. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid manager and assistant manager (hereinafter "managers") who worked for Defendant at any time within the past three (3) years.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA

pursuant to 28 U.S.C. §2201 et seq.

9. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were lotions, office supplies/equipment, computers, register machines, telephones, and other items which originated from outside the state of Georgia.

12. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## **FLSA VIOLATIONS**

13. At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff and all similarly situated managers complete and full overtime compensation.

14. Defendant classified all of its managers as non-exempt employees and paid them by the hour.

15. If overtime hours were recorded for Plaintiff or other managers, Defendant generally paid overtime compensation to these employees at time and one-

half of their hourly rate.

16. However, Plaintiff and the other managers were not allowed to record all hours which they worked.

17. For example, Plaintiff and other managers would have to do "bank runs" after or before their shift off-the-clock without getting paid.

18. Plaintiff and other managers would perform work on their off days or after hours by responding to and fielding work-related phone calls and emails from their supervisors or other employees in the store.

19. Defendant utilized set schedules and labor budgets to limit labor costs, but expected their managers to finish their job duties and would discipline their managers if their job duties were not completed or if the managers went over the labor budget.

20. Over the years, Defendant routinely lowered the labor budgets, forcing the managers to perform more job duties in less "scheduled" hours.

21. Additionally, during their lunch breaks, Plaintiff and the similarly situated managers would assist customers or field work phone calls and were not completely relieved from job duties during their lunch break.

22. However, even though Defendant knew that Plaintiff and the similarly situated managers performed this work, Defendant did not pay them for all hours

worked.

23. As a result, Plaintiff and the similarly situated managers routinely worked overtime hours but were not paid complete and full overtime compensation due to Defendant's pay practices described herein.

24. The additional persons who may become plaintiffs in this action are hourly paid managers and assistant managers who were not paid complete overtime compensation for all overtime hours worked.

25. Upon information and belief, the records, to the extent any exist and are accurate concerning the number of hours worked and amounts paid to Plaintiff and the similarly situated managers are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

27. Plaintiff and the similarly situated managers are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

28. During their employment with Defendant, Plaintiff and the similarly situated managers were not paid for all overtime hours worked as a result of Defendant's practices described above. *See* ¶¶ 16-23.

29. Defendant did not have a good faith basis in its decision to not pay Plaintiff and other managers for all compensable time worked by them.

30. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and the similarly situated managers full and complete overtime compensation, these individuals have suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Defendant's willful violation of the FLSA, Plaintiff and the similarly situated managers are entitled to liquidated damages.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, VANESSA MCELWAIN, on behalf of herself and those similarly situated, demands judgment against Defendant for unpaid overtime compensation due to each members of the putative class, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 26th day of August, 2014.

                                        **/s/ C.RYAN MORGAN**
                                        C. Ryan Morgan, Esq.
                                        FBN 0015527
                                        Morgan & Morgan, P.A.
                                        20 N. Orange Ave., 14th Floor
                                        P.O. Box 4979
                                        Orlando, FL 32802-4979
                                        Telephone: (407) 420-1414

       Facsimile:	(407) 245-3401
       Email:	RMorgan@forthepeople.com
       ***Attorneys for Plaintiff***