# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "Agreement") is made and entered into by and between Vanessa McElwain, on her own behalf and on behalf of her heirs, executors, administrators, trustees, agents, attorneys, representatives and assigns (hereinafter collectively referred to as "Plaintiff") and Buth-Na-Bodhaige, Inc. d/b/a The Body Shop ("The Body Shop"). Plaintiff and The Body Shop will be referred to individually as a "Party" and collectively as the "Parties."

**WHEREAS,** plaintiff McElwain has litigation pending against The Body Shop, captioned *Vanessa McElwain v. The Body Shop*, Civil Action No. 1:14-cv-02763, in the United States District Court for the Northern District of Georgia (the "Litigation");

**WHEREAS,** The Body Shop and Plaintiff desire to resolve all disputes and claims that they have, may have, or could have, without any further proceedings and without either party admitting any fault;

**WHEREAS,** The Body Shop denies any liability or wrongdoing of any kind; and

**NOW THEREFORE,** in consideration of the mutual promises and covenants set forth below, and intending to be legally bound, The Body Shop and Plaintiff agree as follows:

1.    Settlement Payments. The Body Shop agrees to pay the following:

a.    $12,000.00 to Vanessa McElwain, less applicable withholdings (for which the company shall issue a Form W-2) which represents back wages;

b.    $12,000.00 to Vanessa McElwain, without withholdings (for which The Body Shop shall issue a Form 1099) which represents liquidated damages; and

c.    $37,500.00 to Morgan & Morgan, P.A. for fees and costs incurred by Plaintiffs' counsel in Case No. 1:14-cv-02763.

The payments of above shall be **delivered** to Plaintiffs' counsel on or before **noon, Monday, August 31, 2015**, c/o C. Ryan Morgan, Morgan & Morgan, P.A., 20 N. Orange Ave., Suite 1400, Orlando, Florida 32801. Payment by this date is expressly contingent upon receipt by The Body Shop's counsel of a copy of a Form W-9 executed by Plaintiff on or before August 1, 2015, and Plaintiff's execution of this Agreement on before August 3, 2015. If Plaintiff does not provide executed copies of this Agreement or Form W-9 as required herein, The Body Shop may delay payment until such forms are received so long as all monies are tendered within thirty (30) days of Plaintiff's execution of the same. The failure of one Plaintiff or Opt-In Plaintiff to timely return executed copies of the Settlement Documents shall not relieve The Body Shop of its obligations to timely tender payments to the other Plaintiffs in Case No. 1:14-cv-02763. Plaintiffs' counsel agrees to hold all funds in trust until the Court enters an order dismissing the Litigation in its entirety.

2.     Tax Liability (if any).  The Body Shop has given Plaintiff no tax advice as to the treatment of the payments made to them pursuant to this Agreement, and Plaintiff acknowledges that she has the sole and complete responsibility to seek tax and accounting counsel with regard to the tax consequences or ramifications of the payments made to her pursuant to this Agreement.  Should any federal, state or local taxes, fines or penalties be determined to be owing on the payments received by Plaintiff under this Agreement, she shall be solely and completely responsible for such taxes, fines or penalties and any and all other payments demanded, and The Body Shop shall not be responsible for any such taxes, fines, penalties or other such payments.  Plaintiff hereby holds harmless and agrees to indemnify The Body Shop for any liability, taxes, fines or penalties that may arise out of The Body Shop not withholding any income taxes or payroll taxes (FICA, FUTA, etc.) from the payments made to the Plaintiff pursuant to this Agreement unless such liability is caused by a wrongful action or inaction of The Body Shop.

3.     Confidentiality.  Plaintiff represents and agrees that she will keep the terms and existence of this Agreement completely confidential and that she will not disclose any information concerning this Agreement to anyone other than her spouse, accountants, attorneys and financial advisors (provided they agree to keep confidential any information concerning this Agreement), except as otherwise required by law, court order or government authority.  A violation of the provisions of this paragraph by Plaintiff shall subject Plaintiff to an action in law or equity by The Body Shop for return of all or part of the Settlement Payment paid in Paragraph 1. Plaintiff understands that she has acquired confidential information concerning The Body Shop (collectively termed "Trade Secrets" herein), all of which information would be damaging to The Body Shop if disclosed to a competitor.  She agrees that such information has been divulged to her in confidence and that she will keep such information secret and confidential, and she will not disclose or communicate Trade Secrets to a competitor or in any way make use of such information on her own behalf, or on behalf of any competitor.  Plaintiff and her attorney will return any property, information and/or documents of The Body Shop in their possession, custody or control to The Body Shop's counsel, Kerry Alan Scanlon, at the address set forth in paragraph 1 of this Agreement, along with the executed copy of this Agreement, or affirm that such documents have been destroyed.  Plaintiff agrees that a breach of this provision voids The Body Shop's obligations hereunder

4.     Court Approval.  Pursuant to Eleventh Circuit authority, the parties will seek Court approval of the Agreement as it relates to the dismissal of the claims asserted under the FLSA.  Plaintiff agrees to cooperate in obtaining such approval taking all steps to maintain confidentiality (which may include filing any agreement *in camera* or under seal).  The parties agree that they will submit the Agreement to the Court for approval *in camera* if necessary (or under seal if required to be filed) and jointly recommend to the District Court approval of the Agreement.  If the Court does not permit the parties to submit the Agreement *in camera* or under seal, in whole or in part, Plaintiff still agrees to abide and be bound by the confidentiality provisions set forth in Paragraph 3 of this Agreement.  The release as to all claims set forth herein shall be fully enforceable with or without Court approval.  Plaintiff will dismiss the Litigation with prejudice pursuant to Fed. R. Civ. P. 41 within three (3) business days of the Court's decision on approval of the settlement.  If any subsequent lawsuit or claim is filed by

2

Plaintiff alleging unpaid overtime compensation and related damages which is covered and released by this Agreement, the Parties agree to immediately move for approval of this executed Agreement before any court of competent jurisdiction. Should Plaintiff not be permitted to dismiss the Litigation with prejudice by the Court for any reason, Plaintiff will not be entitled to receive the payments set forth in Paragraph 1.

5. <u>No Future Employment with The Body Shop</u>. Plaintiff has agreed that she will not, at any time in the future, seek employment with The Body Shop or any of its related entities, successors, affiliates or its or their parents or subsidiaries. Any application for employment by Plaintiff may be rejected without explanation or liability pursuant to this paragraph. Plaintiff has agreed that she will not knowingly provide services to The Body Shop (including its related entities, successors, affiliates, or its or their parents or subsidiaries) as an independent contractor, consultant, temporary agency, temporary employee or agent, and any assignment to The Body Shop (including its related entities, successors, affiliates, or its or their parents or subsidiaries) in such capacity may be declined without explanation or liability pursuant to this paragraph. If any prospective employer of Plaintiff's contacts The Body Shop regarding Plaintiff, The Body Shop shall give a neutral reference, only indicating Plaintiff's dates of employment, pay rates, and position(s).

6. <u>No Admission of Liability</u>. By executing this Agreement, The Body Shop (including its current or former affiliates, parents, owners, officers, directors, agents, representatives or employees) does not admit any liability and specifically denies any wrongdoing and denies that Plaintiff is entitled to any damages. The Body Shop denies all claims as to liability, wrongdoing, damages, liquidated damages, treble damages, penalties, interest, fees, injunctive relief and all other forms of relief. Because The Body Shop denies all allegations of the violation of any law, statute, regulation, common law, tort, or contract, this Agreement results solely from the Parties' desire to resolve expeditiously disputed issues of law and fact and to save litigation costs and further attorneys' fees. Plaintiff shall not be deemed a prevailing party for purposes of any attorney's fee-shifting statutes.

7. <u>Inadmissibility</u>. This Agreement shall be inadmissible in any legal proceeding except one to enforce its terms. Additionally, neither the settlement described in this Agreement, nor the Agreement itself, nor any act performed or document executed pursuant to, or in furtherance of the settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any claim, or of any wrongdoing or liability of The Body Shop; or (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of The Body Shop in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of the settlement described in this Agreement, shall constitute evidence with respect to any issue or dispute in any pending or future lawsuit, legal proceeding or administrative proceeding, except for legal proceedings concerning the implementation, interpretation or enforcement of this Agreement.

8. <u>Release of All Claims</u>. In consideration of this Agreement and the monies and other good and valuable consideration provided to Plaintiff pursuant to this Agreement, Plaintiff, on behalf of herself and her heirs, executors, administrators, trustees, representatives,

agents, attorneys, and assigns, hereby irrevocably and unconditionally releases, waives and forever discharges any and all past, present, and future claims, liabilities, obligations, promises, agreements, controversies, damages, injuries, judgments, complaints, charges, suits, rights, demands, costs, bonds, bills, losses, penalties, fines, liens, debts and expenses (including attorneys' fees and costs), actions and causes of action (including any suits, petitions, demands or other claims in law, equity or arbitration) that have ever arisen or might have arisen at any time up to and including the date of her signing this Agreement (whether known or unknown, asserted or unasserted, accrued or contingent, liquidated or unliquidated, and whether arising under common law, statutory law, or other source of law) against The Body Shop, and any or all of its current or former subsidiaries, parents, affiliates, owners, officers, directors, employees, representatives, agents, attorneys, predecessors, successors, insurers, joint ventures, benefits plans, plan administrators, and assigns, and any or all of its or their respective current or former subsidiaries, parents, affiliates, owners, officers, directors, employees, representatives, agents, attorneys, predecessors, successors, insurers, joint ventures, benefits plans, plan administrators, and assigns (collectively, "Released Parties"), including, without any limitation on the general nature of the foregoing release, any claims based upon or arising out of the same events, transactions, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Litigation; any claims relating to Plaintiff's employment or any benefits from her employment with The Body Shop; any claims relating to the non-payment of wages; any claims for failing to compensate for alleged work done off-the-clock; any wage and hour claims under applicable federal, state or local law; any claims related to unemployment or overtime compensation; any claims for compensatory damages; any claims for liquidated or treble damages; any claims for attorney's fees; any claims for medical, physical and/or mental health benefits or compensation; any claims relating to Plaintiff's termination or resignation of employment at The Body Shop; and any claims raised or that could have been raised in the Litigation. This Agreement shall specifically include the release of any claims, whether at law or in equity, that Plaintiff might bring against any of the Released Parties under any federal, state or local law or regulation of any kind whatsoever, specifically including any claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. and the Georgia Wage Payment and Work Hour Laws, as well as any claims arising in contract or tort, such as claims for negligent or intentional infliction of emotional distress, breach of contract, fraud, or any other unlawful behavior, as well as any claim under any express or implied employment or personal contract.

9.      Covenant Not To Sue. Plaintiff agrees not to sue, or otherwise institute or cause to be instituted or in any way voluntarily participate in or assist in the prosecution of (whether as an individual or class representative) any proceedings against any of the Released Parties (as defined herein) in any federal, state, District of Columbia, local, or other court, administrative agency or other forum seeking damages or other relief on their behalf relating directly or indirectly to any claims released herein, and she hereby withdraws any pending claims related thereto. Plaintiff agrees that any such lawsuit, if filed, shall be dismissed with prejudice and if Plaintiff sues The Body Shop in violation of this Agreement, she shall be liable to The Body Shop for its reasonable attorneys' fees and other litigation costs in litigating such a suit. Plaintiff specifically represents that at the time of signing this Agreement no complaints or charges by her are pending or contemplated against The Body Shop other than the claims

4

asserted in the Litigation. Plaintiff warrants that this is a general release and warrants that there has been no assignment or transfer of any claims covered hereby.

10. <u>Governmental Agencies</u>. Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

11. <u>Non-Disparagement</u>. Plaintiff, on behalf of herself and her heirs, agents and assigns, agrees that she, her heirs, agents and assigns, shall not directly or indirectly make any written or oral statements critical or disparaging of The Body Shop, its successors, parents, subsidiaries or affiliates to the news media or any other person, or request any other person to do so, including but not limited to, statements concerning her employment with The Body Shop or the facts and circumstances of the underlying dispute. Plaintiff, on behalf of herself and her heirs, agents and assigns, further warrants that she, her heirs, agents and assigns, have made no written or oral statements critical or disparaging of The Body Shop to the news media nor have they requested any other person to do so. Plaintiff further agrees not to engage in communications (oral or written), conduct or actions which would criticize, denigrate or disparage The Body Shop or any related or affiliated entity and/or any of its officers, directors, agents, representatives or employees or otherwise adversely affect their business or professional reputations.

12. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties concerning the subject matter hereof, and merges all prior discussions and negotiations between them. No extrinsic oral or written statements, representations or terms shall modify, vary or contradict the terms of this Agreement.

13. <u>Construction</u>. The Parties acknowledge that this Agreement is a joint product and shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

14. <u>Severability</u>. If any provision of this Agreement shall be declared or determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity or enforceability of the remaining parts, terms or provisions shall not be affected and shall continue in full force and effect to the extent permitted by law, and the illegal, invalid or unenforceable part, term or provision shall be deemed not to be part of the Agreement. Neither one nor more waivers by either Party of a breach of, or default under, any of the provisions of this Agreement, nor one or more failures of either Party to enforce any of the provisions of this Agreement shall thereafter be construed as a waiver of any subsequent breach or default of a similar nature, or as a waiver of any provisions, rights, or privileges under the Agreement.

15.     Representation by Counsel.  Plaintiff acknowledges that through this Agreement, she is being advised that she may consult an attorney regarding her participation in this Agreement, and Plaintiff acknowledges that she in fact has been represented by counsel of her choice throughout all negotiations that preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement. Plaintiff also acknowledges that she is participating voluntarily and knowingly in exchange for the consideration described herein. Plaintiff further acknowledges that she has read this Agreement in its entirety, has had a full and fair opportunity to consider and understand its terms, and to be advised by her counsel. Plaintiff agrees that, except as stated in paragraph 1, she shall be solely responsible for her attorneys' fees in connection with the events or negotiations or considerations leading to or related to the Agreement.

16.     Amendments.  This Agreement may not be changed, altered or modified after its execution, except in writing and signed by the Parties.

17.     Governing Law.  This Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Georgia, and the rights and obligations of the Parties to this Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Georgia, without giving effect to that State's choice-of-law principles, and, where applicable, under federal law.

18.     Enforcement.  In the event that either Plaintiff or The Body Shop brings an action in law or equity, for an alleged breach of the Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs incurred in connection with such action, and such attorneys' fees and costs shall be paid by the non-prevailing party.

19.     Counterparts.  This Agreement may be executed in counterparts, in which case all such counterparts shall constitute one and the same Agreement. This Agreement may be executed by a Party's signature transmitted by fax or by electronic mail in pdf format and copies of this Agreement executed and delivered by means of faxed or pdf signatures shall have the same force and effect as copies hereof executed and delivered with original signatures.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement on the date(s) set forth below.

_____
Vanessa McElwain, Plaintiff

_____
The Body Shop

By:     Todd R. Meyer, Esq.
        General Counsel, Secretary & Vice
        President of Real Estate

Date: 8/3/2015                          Date: 08/14/15

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "Agreement") is made and entered into by and between Lashanda Holt, on her own behalf and on behalf of her heirs, executors, administrators, trustees, agents, attorneys, representatives and assigns (hereinafter collectively referred to as "Plaintiff") and Buth-Na-Bodhaige, Inc. d/b/a The Body Shop ("The Body Shop"). Plaintiff and The Body Shop will be referred to individually as a "Party" and collectively as the "Parties."

**WHEREAS,** plaintiff Holt has litigation pending against The Body Shop, captioned *Vanessa McElwain v. The Body Shop*, Civil Action No. 1:14-cv-02763, in the United States District Court for the Northern District of Georgia (the "Litigation");

**WHEREAS,** The Body Shop and Plaintiff desire to resolve all disputes and claims that they have, may have, or could have, without any further proceedings and without either party admitting any fault;

**WHEREAS,** The Body Shop denies any liability or wrongdoing of any kind; and

**NOW THEREFORE,** in consideration of the mutual promises and covenants set forth below, and intending to be legally bound, The Body Shop and Plaintiff agree as follows:

1.    <u>Settlement Payments</u>. The Body Shop agrees to pay the following:

a.    $3,000.00 to Lashanda Holt, less applicable withholdings (for which the company shall issue a Form W-2) which represents back wages; and

b.    $3,000.00 to Lashanda Holt, without withholdings (for which The Body Shop shall issue a Form 1099) which represents liquidated damages.

The payments of above shall be **delivered** to Plaintiffs' counsel on or before **noon, Monday, August 31, 2015,** c/o C. Ryan Morgan, Morgan & Morgan, P.A., 20 N. Orange Ave., Suite 1400, Orlando, Florida 32801. Payment by this date is expressly contingent upon receipt by The Body Shop's counsel of a copy of a Form W-9 executed by Plaintiff on or before August 1, 2015, and Plaintiff's execution of this Agreement on before August 3, 2015. If Plaintiff does not provide executed copies of this Agreement or Form W-9 as required herein, The Body Shop may delay payment until such forms are received so long as all monies are tendered within thirty (30) days of Plaintiff's execution of the same. The failure of one Plaintiff or Opt-In Plaintiff in the Litigation to timely return executed copies of the Settlement Documents shall not relieve The Body Shop of its obligations to timely tender payments for the other Plaintiffs in Case No. 1:14-cv-02763. Plaintiffs' counsel agrees to hold all funds in trust until the Court enters an order dismissing the Litigation in its entirety.

2.    <u>Tax Liability (if any)</u>. The Body Shop has given Plaintiff no tax advice as to the treatment of the payments made to them pursuant to this Agreement, and Plaintiff

acknowledges that she has the sole and complete responsibility to seek tax and accounting counsel with regard to the tax consequences or ramifications of the payments made to her pursuant to this Agreement. Should any federal, state or local taxes, fines or penalties be determined to be owing on the payments received by Plaintiff under this Agreement, she shall be solely and completely responsible for such taxes, fines or penalties and any and all other payments demanded, and The Body Shop shall not be responsible for any such taxes, fines, penalties or other such payments. Plaintiff hereby holds harmless and agrees to indemnify The Body Shop for any liability, taxes, fines or penalties that may arise out of The Body Shop not withholding any income taxes or payroll taxes (FICA, FUTA, etc.) from the payments made to the Plaintiff pursuant to this Agreement unless such liability is caused by a wrongful action or inaction of The Body Shop.

3. Confidentiality. Plaintiff represents and agrees that she will keep the terms and existence of this Agreement completely confidential and that she will not disclose any information concerning this Agreement to anyone other than her spouse, accountants, attorneys and financial advisors (provided they agree to keep confidential any information concerning this Agreement), except as otherwise required by law, court order or government authority. A violation of the provisions of this paragraph by Plaintiff shall subject Plaintiff to an action in law or equity by The Body Shop for return of all or part of the Settlement Payment paid in Paragraph 1. Plaintiff understands that she has acquired confidential information concerning The Body Shop (collectively termed "Trade Secrets" herein), all of which information would be damaging to The Body Shop if disclosed to a competitor. She agrees that such information has been divulged to her in confidence and that she will keep such information secret and confidential, and she will not disclose or communicate Trade Secrets to a competitor or in any way make use of such information on her own behalf, or on behalf of any competitor. Plaintiff and her attorney will return any property, information and/or documents of The Body Shop in their possession, custody or control to The Body Shop's counsel, Kerry Alan Scanlon, at the address set forth in paragraph 1 of this Agreement, along with the executed copy of this Agreement, or affirm that such documents have been destroyed. Plaintiff agrees that a breach of this provision voids The Body Shop's obligations hereunder

4. Court Approval. Pursuant to Eleventh Circuit authority, the parties will seek Court approval of the Agreement as it relates to the dismissal of the claims asserted under the FLSA. Plaintiff agrees to cooperate in obtaining such approval taking all steps to maintain confidentiality (which may include filing any agreement *in camera* or under seal). The parties agree that they will submit the Agreement to the Court for approval *in camera* if necessary (or under seal if required to be filed) and jointly recommend to the District Court approval of the Agreement. If the Court does not permit the parties to submit the Agreement *in camera* or under seal, in whole or in part, Plaintiff still agrees to abide and be bound by the confidentiality provisions set forth in Paragraph 3 of this Agreement. The release as to all claims set forth herein shall be fully enforceable with or without Court approval. Plaintiff will dismiss the Litigation with prejudice pursuant to Fed. R. Civ. P. 41 within three (3) business days of the Court's decision on approval of the settlement. If any subsequent lawsuit or claim is filed by Plaintiff alleging unpaid overtime compensation and related damages which is covered and released by this Agreement, the Parties agree to immediately move for approval of this executed Agreement before any court of competent jurisdiction. Should Plaintiff not be permitted to

dismiss the Litigation with prejudice by the Court for any reason, Plaintiff will not be entitled to receive the payments set forth in Paragraph 1.

        5.      <u>No Future Employment with The Body Shop</u>. Plaintiff has agreed that she will not, at any time in the future, seek employment with The Body Shop or any of its related entities, successors, affiliates or its or their parents or subsidiaries. Any application for employment by Plaintiff may be rejected without explanation or liability pursuant to this paragraph. Plaintiff has agreed that she will not knowingly provide services to The Body Shop (including its related entities, successors, affiliates, or its or their parents or subsidiaries) as an independent contractor, consultant, temporary agency, temporary employee or agent, and any assignment to The Body Shop (including its related entities, successors, affiliates, or its or their parents or subsidiaries) in such capacity may be declined without explanation or liability pursuant to this paragraph. If any prospective employer of Plaintiff's contacts The Body Shop regarding Plaintiff, The Body Shop shall give a neutral reference, only indicating Plaintiff's dates of employment, pay rates, and position(s).

        6.      <u>No Admission of Liability</u>. By executing this Agreement, The Body Shop (including its current or former affiliates, parents, owners, officers, directors, agents, representatives or employees) does not admit any liability and specifically denies any wrongdoing and denies that Plaintiff is entitled to any damages. The Body Shop denies all claims as to liability, wrongdoing, damages, liquidated damages, treble damages, penalties, interest, fees, injunctive relief and all other forms of relief. Because The Body Shop denies all allegations of the violation of any law, statute, regulation, common law, tort, or contract, this Agreement results solely from the Parties' desire to resolve expeditiously disputed issues of law and fact and to save litigation costs and further attorneys' fees. Plaintiff shall not be deemed a prevailing party for purposes of any attorney's fee-shifting statutes.

        7.      <u>Inadmissibility</u>. This Agreement shall be inadmissible in any legal proceeding except one to enforce its terms. Additionally, neither the settlement described in this Agreement, nor the Agreement itself, nor any act performed or document executed pursuant to, or in furtherance of the settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any claim, or of any wrongdoing or liability of The Body Shop; or (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of The Body Shop in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of the settlement described in this Agreement, shall constitute evidence with respect to any issue or dispute in any pending or future lawsuit, legal proceeding or administrative proceeding, except for legal proceedings concerning the implementation, interpretation or enforcement of this Agreement.

        8.      <u>Release of All Claims</u>. In consideration of this Agreement and the monies and other good and valuable consideration provided to Plaintiff pursuant to this Agreement, Plaintiff, on behalf of herself and her heirs, executors, administrators, trustees, representatives, agents, attorneys, and assigns, hereby irrevocably and unconditionally releases, waives and forever discharges any and all past, present, and future claims, liabilities, obligations, promises, agreements, controversies, damages, injuries, judgments, complaints, charges, suits, rights,

3

demands, costs, bonds, bills, losses, penalties, fines, liens, debts and expenses (including attorneys' fees and costs), actions and causes of action (including any suits, petitions, demands or other claims in law, equity or arbitration) that have ever arisen or might have arisen at any time up to and including the date of her signing this Agreement (whether known or unknown, asserted or unasserted, accrued or contingent, liquidated or unliquidated, and whether arising under common law, statutory law, or other source of law) against The Body Shop, and any or all of its current or former subsidiaries, parents, affiliates, owners, officers, directors, employees, representatives, agents, attorneys, predecessors, successors, insurers, joint ventures, benefits plans, plan administrators, and assigns, and any or all of its or their respective current or former subsidiaries, parents, affiliates, owners, officers, directors, employees, representatives, agents, attorneys, predecessors, successors, insurers, joint ventures, benefits plans, plan administrators, and assigns (collectively, "Released Parties"), including, without any limitation on the general nature of the foregoing release, any claims based upon or arising out of the same events, transactions, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Litigation; any claims relating to Plaintiff's employment or any benefits from her employment with The Body Shop; any claims relating to the non-payment of wages; any claims for failing to compensate for alleged work done off-the-clock; any wage and hour claims under applicable federal, state or local law; any claims related to unemployment or overtime compensation; any claims for compensatory damages; any claims for liquidated or treble damages; any claims for attorney's fees; any claims for medical, physical and/or mental health benefits or compensation; any claims relating to Plaintiff's termination or resignation of employment at The Body Shop; and any claims raised or that could have been raised in the Litigation. This Agreement shall specifically include the release of any claims, whether at law or in equity, that Plaintiff might bring against any of the Released Parties under any federal, state or local law or regulation of any kind whatsoever, specifically including any claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. and the Georgia Wage Payment and Work Hour Laws, as well as any claims arising in contract or tort, such as claims for negligent or intentional infliction of emotional distress, breach of contract, fraud, or any other unlawful behavior, as well as any claim under any express or implied employment or personal contract.

    9.  <u>Covenant Not To Sue</u>. Plaintiff agrees not to sue, or otherwise institute or cause to be instituted or in any way voluntarily participate in or assist in the prosecution of (whether as an individual or class representative) any proceedings against any of the Released Parties (as defined herein) in any federal, state, District of Columbia, local, or other court, administrative agency or other forum seeking damages or other relief on their behalf relating directly or indirectly to any claims released herein, and she hereby withdraws any pending claims related thereto. Plaintiff agrees that any such lawsuit, if filed, shall be dismissed with prejudice and if Plaintiff sues The Body Shop in violation of this Agreement, she shall be liable to The Body Shop for its reasonable attorneys' fees and other litigation costs in litigating such a suit. Plaintiff specifically represents that at the time of signing this Agreement no complaints or charges by her are pending or contemplated against The Body Shop other than the claims asserted in the Litigation. Plaintiff warrants that this is a general release and warrants that there has been no assignment or transfer of any claims covered hereby.

4

10.     Governmental Agencies.  Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency.  However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

11.     Non-Disparagement.  Plaintiff, on behalf of herself and her heirs, agents and assigns, agrees that she, her heirs, agents and assigns, shall not directly or indirectly make any written or oral statements critical or disparaging of The Body Shop, its successors, parents, subsidiaries or affiliates to the news media or any other person, or request any other person to do so, including but not limited to, statements concerning her employment with The Body Shop or the facts and circumstances of the underlying dispute.  Plaintiff, on behalf of herself and her heirs, agents and assigns, further warrants that she, her heirs, agents and assigns, have made no written or oral statements critical or disparaging of The Body Shop to the news media nor have they requested any other person to do so.  Plaintiff further agrees not to engage in communications (oral or written), conduct or actions which would criticize, denigrate or disparage The Body Shop or any related or affiliated entity and/or any of its officers, directors, agents, representatives or employees or otherwise adversely affect their business or professional reputations.

12.     Entire Agreement.  This Agreement constitutes the entire agreement between the Parties concerning the subject matter hereof, and merges all prior discussions and negotiations between them.  No extrinsic oral or written statements, representations or terms shall modify, vary or contradict the terms of this Agreement.

13.     Construction.  The Parties acknowledge that this Agreement is a joint product and shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

14.     Severability.  If any provision of this Agreement shall be declared or determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity or enforceability of the remaining parts, terms or provisions shall not be affected and shall continue in full force and effect to the extent permitted by law, and the illegal, invalid or unenforceable part, term or provision shall be deemed not to be part of the Agreement.  Neither one nor more waivers by either Party of a breach of, or default under, any of the provisions of this Agreement, nor one or more failures of either Party to enforce any of the provisions of this Agreement shall thereafter be construed as a waiver of any subsequent breach or default of a similar nature, or as a waiver of any provisions, rights, or privileges under the Agreement.

15.     Representation by Counsel.  Plaintiff acknowledges that through this Agreement, she is being advised that she may consult an attorney regarding her participation in this Agreement, and Plaintiff acknowledges that she in fact has been represented by counsel of her choice throughout all negotiations that preceded the execution of this Agreement, and this

5

Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement. Plaintiff also acknowledges that she is participating voluntarily and knowingly in exchange for the consideration described herein. Plaintiff further acknowledges that she has read this Agreement in its entirety, has had a full and fair opportunity to consider and understand its terms, and to be advised by her counsel. Plaintiff agrees that, except as stated in paragraph 1, she shall be solely responsible for her attorneys' fees in connection with the events or negotiations or considerations leading to or related to the Agreement.

16.     Amendments. This Agreement may not be changed, altered or modified after its execution, except in writing and signed by the Parties.

17.     Governing Law. This Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Georgia, and the rights and obligations of the Parties to this Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Georgia, without giving effect to that State's choice-of-law principles, and, where applicable, under federal law.

18.     Enforcement. In the event that either Plaintiff or The Body Shop brings an action in law or equity, for an alleged breach of the Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs incurred in connection with such action, and such attorneys' fees and costs shall be paid by the non-prevailing party.

19.     Counterparts. This Agreement may be executed in counterparts, in which case all such counterparts shall constitute one and the same Agreement. This Agreement may be executed by a Party's signature transmitted by fax or by electronic mail in pdf format and copies of this Agreement executed and delivered by means of faxed or pdf signatures shall have the same force and effect as copies hereof executed and delivered with original signatures.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement on the date(s) set forth below.

_____          _____
Lashanda Holt, Plaintiff                              The Body Shop

                                                         By:     Todd R. Meyer, Esq.
                                                                  General Counsel, Secretary & Vice
                                                                  President of Real Estate

Date: _8/3/2015_____                          Date: _08/14/15_____

6

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "Agreement") is made and entered into by and between Andre Atchison, on his own behalf and on behalf of her heirs, executors, administrators, trustees, agents, attorneys, representatives and assigns (hereinafter collectively referred to as "Plaintiff") and Buth-Na-Bodhaige, Inc. d/b/a The Body Shop ("The Body Shop"). Plaintiff and The Body Shop will be referred to individually as a "Party" and collectively as the "Parties."

**WHEREAS,** plaintiff Atchison has litigation pending against The Body Shop, captioned *Vanessa McElwain v. The Body Shop*, Civil Action No. 1:14-cv-02763, in the United States District Court for the Northern District of Georgia (the "Litigation");

**WHEREAS,** The Body Shop and Plaintiff desire to resolve all disputes and claims that they have, may have, or could have, without any further proceedings and without either party admitting any fault;

**WHEREAS,** The Body Shop denies any liability or wrongdoing of any kind; and

**NOW THEREFORE,** in consideration of the mutual promises and covenants set forth below, and intending to be legally bound, The Body Shop and Plaintiff agree as follows:

1.   Settlement Payments. The Body Shop agrees to pay the following:

a.   $7,500.00 to Andre Atchison, less applicable withholdings (for which the company shall issue a Form W-2) which represents back wages; and

b.   $7,500.00 to Andre Atchison, without withholdings (for which The Body Shop shall issue a Form 1099) which represents liquidated damages.

The payments of above shall be **delivered** to Plaintiffs' counsel on or before **noon, Monday, August 31, 2015,** c/o C. Ryan Morgan, Morgan & Morgan, P.A., 20 N. Orange Ave., Suite 1400, Orlando, Florida 32801. Payment by this date is expressly contingent upon receipt by The Body Shop's counsel of a copy of a Form W-9 executed by Plaintiff on or before August 1, 2015, and Plaintiff's execution of this Agreement on before August 3, 2015. If Plaintiff does not provide executed copies of this Agreement or Form W-9 as required herein, The Body Shop may delay payment until such forms are received so long as all monies are tendered within thirty (30) days of Plaintiff's execution of the same. The failure of one Plaintiff or Opt-In Plaintiff in the Litigation to timely return executed copies of the Settlement Documents shall not relieve The Body Shop of its obligations to timely tender payments for the other Plaintiffs in Case No. 1:14-cv-02763. Plaintiffs' counsel agrees to hold all funds in trust until the Court enters an order dismissing the Litigation in its entirety.

2.   Tax Liability (if any). The Body Shop has given Plaintiff no tax advice as to the treatment of the payments made to them pursuant to this Agreement, and Plaintiff

acknowledges that she has the sole and complete responsibility to seek tax and accounting counsel with regard to the tax consequences or ramifications of the payments made to her pursuant to this Agreement. Should any federal, state or local taxes, fines or penalties be determined to be owing on the payments received by Plaintiff under this Agreement, she shall be solely and completely responsible for such taxes, fines or penalties and any and all other payments demanded, and The Body Shop shall not be responsible for any such taxes, fines, penalties or other such payments. Plaintiff hereby holds harmless and agrees to indemnify The Body Shop for any liability, taxes, fines or penalties that may arise out of The Body Shop not withholding any income taxes or payroll taxes (FICA, FUTA, etc.) from the payments made to the Plaintiff pursuant to this Agreement unless such liability is caused by a wrongful action or inaction of The Body Shop.

       3.      <u>Confidentiality</u>. Plaintiff represents and agrees that she will keep the terms and existence of this Agreement completely confidential and that she will not disclose any information concerning this Agreement to anyone other than her spouse, accountants, attorneys and financial advisors (provided they agree to keep confidential any information concerning this Agreement), except as otherwise required by law, court order or government authority. A violation of the provisions of this paragraph by Plaintiff shall subject Plaintiff to an action in law or equity by The Body Shop for return of all or part of the Settlement Payment paid in Paragraph 1. Plaintiff understands that she has acquired confidential information concerning The Body Shop (collectively termed "Trade Secrets" herein), all of which information would be damaging to The Body Shop if disclosed to a competitor. She agrees that such information has been divulged to her in confidence and that she will keep such information secret and confidential, and she will not disclose or communicate Trade Secrets to a competitor or in any way make use of such information on her own behalf, or on behalf of any competitor. Plaintiff and her attorney will return any property, information and/or documents of The Body Shop in their possession, custody or control to The Body Shop's counsel, Kerry Alan Scanlon, at the address set forth in paragraph 1 of this Agreement, along with the executed copy of this Agreement, or affirm that such documents have been destroyed. Plaintiff agrees that a breach of this provision voids The Body Shop's obligations hereunder

       4.      <u>Court Approval</u>. Pursuant to Eleventh Circuit authority, the parties will seek Court approval of the Agreement as it relates to the dismissal of the claims asserted under the FLSA. Plaintiff agrees to cooperate in obtaining such approval taking all steps to maintain confidentiality (which may include filing any agreement *in camera* or under seal). The parties agree that they will submit the Agreement to the Court for approval *in camera* if necessary (or under seal if required to be filed) and jointly recommend to the District Court approval of the Agreement. If the Court does not permit the parties to submit the Agreement *in camera* or under seal, in whole or in part, Plaintiff still agrees to abide and be bound by the confidentiality provisions set forth in Paragraph 3 of this Agreement. The release as to all claims set forth herein shall be fully enforceable with or without Court approval. Plaintiff will dismiss the Litigation with prejudice pursuant to Fed. R. Civ. P. 41 within three (3) business days of the Court's decision on approval of the settlement. If any subsequent lawsuit or claim is filed by Plaintiff alleging unpaid overtime compensation and related damages which is covered and released by this Agreement, the Parties agree to immediately move for approval of this executed Agreement before any court of competent jurisdiction. Should Plaintiff not be permitted to

dismiss the Litigation with prejudice by the Court for any reason, Plaintiff will not be entitled to receive the payments set forth in Paragraph 1.

      5.    <u>No Future Employment with The Body Shop</u>.  Plaintiff has agreed that she will not, at any time in the future, seek employment with The Body Shop or any of its related entities, successors, affiliates or its or their parents or subsidiaries.  Any application for employment by Plaintiff may be rejected without explanation or liability pursuant to this paragraph.  Plaintiff has agreed that she will not knowingly provide services to The Body Shop (including its related entities, successors, affiliates, or its or their parents or subsidiaries) as an independent contractor, consultant, temporary agency, temporary employee or agent, and any assignment to The Body Shop (including its related entities, successors, affiliates, or its or their parents or subsidiaries) in such capacity may be declined without explanation or liability pursuant to this paragraph.  If any prospective employer of Plaintiff's contacts The Body Shop regarding Plaintiff, The Body Shop shall give a neutral reference, only indicating Plaintiff's dates of employment, pay rates, and position(s).

      6.    <u>No Admission of Liability</u>.  By executing this Agreement, The Body Shop (including its current or former affiliates, parents, owners, officers, directors, agents, representatives or employees) does not admit any liability and specifically denies any wrongdoing and denies that Plaintiff is entitled to any damages.  The Body Shop denies all claims as to liability, wrongdoing, damages, liquidated damages, treble damages, penalties, interest, fees, injunctive relief and all other forms of relief.  Because The Body Shop denies all allegations of the violation of any law, statute, regulation, common law, tort, or contract, this Agreement results solely from the Parties' desire to resolve expeditiously disputed issues of law and fact and to save litigation costs and further attorneys' fees.  Plaintiff shall not be deemed a prevailing party for purposes of any attorney's fee-shifting statutes.

      7.    <u>Inadmissibility</u>.  This Agreement shall be inadmissible in any legal proceeding except one to enforce its terms.  Additionally, neither the settlement described in this Agreement, nor the Agreement itself, nor any act performed or document executed pursuant to, or in furtherance of the settlement:  (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any claim, or of any wrongdoing or liability of The Body Shop; or (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of The Body Shop in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of the settlement described in this Agreement, shall constitute evidence with respect to any issue or dispute in any pending or future lawsuit, legal proceeding or administrative proceeding, except for legal proceedings concerning the implementation, interpretation or enforcement of this Agreement.

      8.    <u>Release of All Claims</u>.  In consideration of this Agreement and the monies and other good and valuable consideration provided to Plaintiff pursuant to this Agreement, Plaintiff, on behalf of herself and her heirs, executors, administrators, trustees, representatives, agents, attorneys, and assigns, hereby irrevocably and unconditionally releases, waives and forever discharges any and all past, present, and future claims, liabilities, obligations, promises, agreements, controversies, damages, injuries, judgments, complaints, charges, suits, rights,

demands, costs, bonds, bills, losses, penalties, fines, liens, debts and expenses (including attorneys' fees and costs), actions and causes of action (including any suits, petitions, demands or other claims in law, equity or arbitration) that have ever arisen or might have arisen at any time up to and including the date of her signing this Agreement (whether known or unknown, asserted or unasserted, accrued or contingent, liquidated or unliquidated, and whether arising under common law, statutory law, or other source of law) against The Body Shop, and any or all of its current or former subsidiaries, parents, affiliates, owners, officers, directors, employees, representatives, agents, attorneys, predecessors, successors, insurers, joint ventures, benefits plans, plan administrators, and assigns, and any or all of its or their respective current or former subsidiaries, parents, affiliates, owners, officers, directors, employees, representatives, agents, attorneys, predecessors, successors, insurers, joint ventures, benefits plans, plan administrators, and assigns (collectively, "Released Parties"), including, without any limitation on the general nature of the foregoing release, any claims based upon or arising out of the same events, transactions, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Litigation; any claims relating to Plaintiff's employment or any benefits from her employment with The Body Shop; any claims relating to the non-payment of wages; any claims for failing to compensate for alleged work done off-the-clock; any wage and hour claims under applicable federal, state or local law; any claims related to unemployment or overtime compensation; any claims for compensatory damages; any claims for liquidated or treble damages; any claims for attorney's fees; any claims for medical, physical and/or mental health benefits or compensation; any claims relating to Plaintiff's termination or resignation of employment at The Body Shop; and any claims raised or that could have been raised in the Litigation.  This Agreement shall specifically include the release of any claims, whether at law or in equity, that Plaintiff might bring against any of the Released Parties under any federal, state or local law or regulation of any kind whatsoever, specifically including any claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. and the Georgia Wage Payment and Work Hour Laws, as well as any claims arising in contract or tort, such as claims for negligent or intentional infliction of emotional distress, breach of contract, fraud, or any other unlawful behavior, as well as any claim under any express or implied employment or personal contract.

       9.    <u>Covenant Not To Sue</u>.  Plaintiff agrees not to sue, or otherwise institute or cause to be instituted or in any way voluntarily participate in or assist in the prosecution of (whether as an individual or class representative) any proceedings against any of the Released Parties (as defined herein) in any federal, state, District of Columbia, local, or other court, administrative agency or other forum seeking damages or other relief on their behalf relating directly or indirectly to any claims released herein, and she hereby withdraws any pending claims related thereto.  Plaintiff agrees that any such lawsuit, if filed, shall be dismissed with prejudice and if Plaintiff sues The Body Shop in violation of this Agreement, she shall be liable to The Body Shop for its reasonable attorneys' fees and other litigation costs in litigating such a suit.  Plaintiff specifically represents that at the time of signing this Agreement no complaints or charges by her are pending or contemplated against The Body Shop other than the claims asserted in the Litigation.  Plaintiff warrants that this is a general release and warrants that there has been no assignment or transfer of any claims covered hereby.

10.    <u>Governmental Agencies</u>.  Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency.  However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

11.    <u>Non-Disparagement</u>.  Plaintiff, on behalf of herself and her heirs, agents and assigns, agrees that she, her heirs, agents and assigns, shall not directly or indirectly make any written or oral statements critical or disparaging of The Body Shop, its successors, parents, subsidiaries or affiliates to the news media or any other person, or request any other person to do so, including but not limited to, statements concerning her employment with The Body Shop or the facts and circumstances of the underlying dispute.  Plaintiff, on behalf of herself and her heirs, agents and assigns, further warrants that she, her heirs, agents and assigns, have made no written or oral statements critical or disparaging of The Body Shop to the news media nor have they requested any other person to do so.  Plaintiff further agrees not to engage in communications (oral or written), conduct or actions which would criticize, denigrate or disparage The Body Shop or any related or affiliated entity and/or any of its officers, directors, agents, representatives or employees or otherwise adversely affect their business or professional reputations.

12.    <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between the Parties concerning the subject matter hereof, and merges all prior discussions and negotiations between them.  No extrinsic oral or written statements, representations or terms shall modify, vary or contradict the terms of this Agreement.

13.    <u>Construction</u>.  The Parties acknowledge that this Agreement is a joint product and shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

14.    <u>Severability</u>.  If any provision of this Agreement shall be declared or determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity or enforceability of the remaining parts, terms or provisions shall not be affected and shall continue in full force and effect to the extent permitted by law, and the illegal, invalid or unenforceable part, term or provision shall be deemed not to be part of the Agreement.  Neither one nor more waivers by either Party of a breach of, or default under, any of the provisions of this Agreement, nor one or more failures of either Party to enforce any of the provisions of this Agreement shall thereafter be construed as a waiver of any subsequent breach or default of a similar nature, or as a waiver of any provisions, rights, or privileges under the Agreement.

15.    <u>Representation by Counsel</u>.  Plaintiff acknowledges that through this Agreement, she is being advised that she may consult an attorney regarding her participation in this Agreement, and Plaintiff acknowledges that she in fact has been represented by counsel of her choice throughout all negotiations that preceded the execution of this Agreement, and this

5

Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement. Plaintiff also acknowledges that she is participating voluntarily and knowingly in exchange for the consideration described herein. Plaintiff further acknowledges that she has read this Agreement in its entirety, has had a full and fair opportunity to consider and understand its terms, and to be advised by her counsel. Plaintiff agrees that, except as stated in paragraph 1, she shall be solely responsible for her attorneys' fees in connection with the events or negotiations or considerations leading to or related to the Agreement.

16.   **Amendments.** This Agreement may not be changed, altered or modified after its execution, except in writing and signed by the Parties.

17.   **Governing Law.** This Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Georgia, and the rights and obligations of the Parties to this Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Georgia, without giving effect to that State's choice-of-law principles, and, where applicable, under federal law.

18.   **Enforcement.** In the event that either Plaintiff or The Body Shop brings an action in law or equity, for an alleged breach of the Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs incurred in connection with such action, and such attorneys' fees and costs shall be paid by the non-prevailing party.

19.   **Counterparts.** This Agreement may be executed in counterparts, in which case all such counterparts shall constitute one and the same Agreement. This Agreement may be executed by a Party's signature transmitted by fax or by electronic mail in pdf format and copies of this Agreement executed and delivered by means of faxed or pdf signatures shall have the same force and effect as copies hereof executed and delivered with original signatures.

**IN WITNESS WHEREOF,** the Parties have duly executed this Agreement on the date(s) set forth below.

_____
Andre Atchison, Plaintiff


Date: 8/3/15


_____
The Body Shop


By:    Todd R. Meyer, Esq.
       General Counsel, Secretary & Vice
       President of Real Estate

Date:   08/14/15

6

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "Agreement") is made and entered into by and between Larion Downs on his own behalf and on behalf of her heirs, executors, administrators, trustees, agents, attorneys, representatives and assigns (hereinafter collectively referred to as "Plaintiff") and Buth-Na-Bodhaige, Inc. d/b/a The Body Shop ("The Body Shop"). Plaintiff and The Body Shop will be referred to individually as a "Party" and collectively as the "Parties."

**WHEREAS,** plaintiff Downs has litigation pending against The Body Shop, captioned *Vanessa McElwain v. The Body Shop*, Civil Action No. 1:14-cv-02763, in the United States District Court for the Northern District of Georgia (the "Litigation");

**WHEREAS,** The Body Shop and Plaintiff desire to resolve all disputes and claims that they have, may have, or could have, without any further proceedings and without either party admitting any fault;

**WHEREAS,** The Body Shop denies any liability or wrongdoing of any kind; and

**NOW THEREFORE,** in consideration of the mutual promises and covenants set forth below, and intending to be legally bound, The Body Shop and Plaintiff agree as follows:

1.  <u>Settlement Payments</u>. The Body Shop agrees to pay the following:

a.  $750.00 to Larion Downs, less applicable withholdings (for which the company shall issue a Form W-2) which represents back wages; and

b.  $750.00 to Larion Downs, without withholdings (for which The Body Shop shall issue a Form 1099) which represents liquidated damages.

The payments of above shall be **delivered** to Plaintiffs' counsel on or before **noon, Monday, August 31, 2015,** c/o C. Ryan Morgan, Morgan & Morgan, P.A., 20 N. Orange Ave., Suite 1400, Orlando, Florida 32801. Payment by this date is expressly contingent upon receipt by The Body Shop's counsel of a copy of a Form W-9 executed by Plaintiff on or before August 1, 2015, and Plaintiff's execution of this Agreement on before August 3, 2015. If Plaintiff does not provide executed copies of this Agreement or Form W-9 as required herein, The Body Shop may delay payment until such forms are received so long as all monies are tendered within thirty (30) days of Plaintiff's execution of the same. The failure of one Plaintiff or Opt-In Plaintiff in the Litigation to timely return executed copies of the Settlement Documents shall not relieve The Body Shop of its obligations to timely tender payments for the other Plaintiffs in Case No. 1:14-cv-02763. Plaintiffs' counsel agrees to hold all funds in trust until the Court enters an order dismissing the Litigation in its entirety.

2.  <u>Tax Liability (if any)</u>. The Body Shop has given Plaintiff no tax advice as to the treatment of the payments made to them pursuant to this Agreement, and Plaintiff

acknowledges that she has the sole and complete responsibility to seek tax and accounting counsel with regard to the tax consequences or ramifications of the payments made to her pursuant to this Agreement. Should any federal, state or local taxes, fines or penalties be determined to be owing on the payments received by Plaintiff under this Agreement, she shall be solely and completely responsible for such taxes, fines or penalties and any and all other payments demanded, and The Body Shop shall not be responsible for any such taxes, fines, penalties or other such payments. Plaintiff hereby holds harmless and agrees to indemnify The Body Shop for any liability, taxes, fines or penalties that may arise out of The Body Shop not withholding any income taxes or payroll taxes (FICA, FUTA, etc.) from the payments made to the Plaintiff pursuant to this Agreement unless such liability is caused by a wrongful action or inaction of The Body Shop.

3.  Confidentiality. Plaintiff represents and agrees that she will keep the terms and existence of this Agreement completely confidential and that she will not disclose any information concerning this Agreement to anyone other than her spouse, accountants, attorneys and financial advisors (provided they agree to keep confidential any information concerning this Agreement), except as otherwise required by law, court order or government authority. A violation of the provisions of this paragraph by Plaintiff shall subject Plaintiff to an action in law or equity by The Body Shop for return of all or part of the Settlement Payment paid in Paragraph 1. Plaintiff understands that she has acquired confidential information concerning The Body Shop (collectively termed "Trade Secrets" herein), all of which information would be damaging to The Body Shop if disclosed to a competitor. She agrees that such information has been divulged to her in confidence and that she will keep such information secret and confidential, and she will not disclose or communicate Trade Secrets to a competitor or in any way make use of such information on her own behalf, or on behalf of any competitor. Plaintiff and her attorney will return any property, information and/or documents of The Body Shop in their possession, custody or control to The Body Shop's counsel, Kerry Alan Scanlon, at the address set forth in paragraph 1 of this Agreement, along with the executed copy of this Agreement, or affirm that such documents have been destroyed. Plaintiff agrees that a breach of this provision voids The Body Shop's obligations hereunder

4.  Court Approval. Pursuant to Eleventh Circuit authority, the parties will seek Court approval of the Agreement as it relates to the dismissal of the claims asserted under the FLSA. Plaintiff agrees to cooperate in obtaining such approval taking all steps to maintain confidentiality (which may include filing any agreement *in camera* or under seal). The parties agree that they will submit the Agreement to the Court for approval *in camera* if necessary (or under seal if required to be filed) and jointly recommend to the District Court approval of the Agreement. If the Court does not permit the parties to submit the Agreement *in camera* or under seal, in whole or in part, Plaintiff still agrees to abide and be bound by the confidentiality provisions set forth in Paragraph 3 of this Agreement. The release as to all claims set forth herein shall be fully enforceable with or without Court approval. Plaintiff will dismiss the Litigation with prejudice pursuant to Fed. R. Civ. P. 41 within three (3) business days of the Court's decision on approval of the settlement. If any subsequent lawsuit or claim is filed by Plaintiff alleging unpaid overtime compensation and related damages which is covered and released by this Agreement, the Parties agree to immediately move for approval of this executed Agreement before any court of competent jurisdiction. Should Plaintiff not be permitted to

2

dismiss the Litigation with prejudice by the Court for any reason, Plaintiff will not be entitled to receive the payments set forth in Paragraph 1.

      5.    No Future Employment with The Body Shop. Plaintiff has agreed that she will not, at any time in the future, seek employment with The Body Shop or any of its related entities, successors, affiliates or its or their parents or subsidiaries. Any application for employment by Plaintiff may be rejected without explanation or liability pursuant to this paragraph. Plaintiff has agreed that she will not knowingly provide services to The Body Shop (including its related entities, successors, affiliates, or its or their parents or subsidiaries) as an independent contractor, consultant, temporary agency, temporary employee or agent, and any assignment to The Body Shop (including its related entities, successors, affiliates, or its or their parents or subsidiaries) in such capacity may be declined without explanation or liability pursuant to this paragraph. If any prospective employer of Plaintiff's contacts The Body Shop regarding Plaintiff, The Body Shop shall give a neutral reference, only indicating Plaintiff's dates of employment, pay rates, and position(s).

      6.    No Admission of Liability. By executing this Agreement, The Body Shop (including its current or former affiliates, parents, owners, officers, directors, agents, representatives or employees) does not admit any liability and specifically denies any wrongdoing and denies that Plaintiff is entitled to any damages. The Body Shop denies all claims as to liability, wrongdoing, damages, liquidated damages, treble damages, penalties, interest, fees, injunctive relief and all other forms of relief. Because The Body Shop denies all allegations of the violation of any law, statute, regulation, common law, tort, or contract, this Agreement results solely from the Parties' desire to resolve expeditiously disputed issues of law and fact and to save litigation costs and further attorneys' fees. Plaintiff shall not be deemed a prevailing party for purposes of any attorney's fee-shifting statutes.

      7.    Inadmissibility. This Agreement shall be inadmissible in any legal proceeding except one to enforce its terms. Additionally, neither the settlement described in this Agreement, nor the Agreement itself, nor any act performed or document executed pursuant to, or in furtherance of the settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any claim, or of any wrongdoing or liability of The Body Shop; or (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of The Body Shop in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of the settlement described in this Agreement, shall constitute evidence with respect to any issue or dispute in any pending or future lawsuit, legal proceeding or administrative proceeding, except for legal proceedings concerning the implementation, interpretation or enforcement of this Agreement.

      8.    Release of All Claims. In consideration of this Agreement and the monies and other good and valuable consideration provided to Plaintiff pursuant to this Agreement, Plaintiff, on behalf of herself and her heirs, executors, administrators, trustees, representatives, agents, attorneys, and assigns, hereby irrevocably and unconditionally releases, waives and forever discharges any and all past, present, and future claims, liabilities, obligations, promises, agreements, controversies, damages, injuries, judgments, complaints, charges, suits, rights,

demands, costs, bonds, bills, losses, penalties, fines, liens, debts and expenses (including attorneys' fees and costs), actions and causes of action (including any suits, petitions, demands or other claims in law, equity or arbitration) that have ever arisen or might have arisen at any time up to and including the date of her signing this Agreement (whether known or unknown, asserted or unasserted, accrued or contingent, liquidated or unliquidated, and whether arising under common law, statutory law, or other source of law) against The Body Shop, and any or all of its current or former subsidiaries, parents, affiliates, owners, officers, directors, employees, representatives, agents, attorneys, predecessors, successors, insurers, joint ventures, benefits plans, plan administrators, and assigns, and any or all of its or their respective current or former subsidiaries, parents, affiliates, owners, officers, directors, employees, representatives, agents, attorneys, predecessors, successors, insurers, joint ventures, benefits plans, plan administrators, and assigns (collectively, "Released Parties"), including, without any limitation on the general nature of the foregoing release, any claims based upon or arising out of the same events, transactions, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Litigation; any claims relating to Plaintiff's employment or any benefits from her employment with The Body Shop; any claims relating to the non-payment of wages; any claims for failing to compensate for alleged work done off-the-clock; any wage and hour claims under applicable federal, state or local law; any claims related to unemployment or overtime compensation; any claims for compensatory damages; any claims for liquidated or treble damages; any claims for attorney's fees; any claims for medical, physical and/or mental health benefits or compensation; any claims relating to Plaintiff's termination or resignation of employment at The Body Shop; and any claims raised or that could have been raised in the Litigation. This Agreement shall specifically include the release of any claims, whether at law or in equity, that Plaintiff might bring against any of the Released Parties under any federal, state or local law or regulation of any kind whatsoever, specifically including any claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. and the Georgia Wage Payment and Work Hour Laws, as well as any claims arising in contract or tort, such as claims for negligent or intentional infliction of emotional distress, breach of contract, fraud, or any other unlawful behavior, as well as any claim under any express or implied employment or personal contract.

9.   <u>Covenant Not To Sue</u>.  Plaintiff agrees not to sue, or otherwise institute or cause to be instituted or in any way voluntarily participate in or assist in the prosecution of (whether as an individual or class representative) any proceedings against any of the Released Parties (as defined herein) in any federal, state, District of Columbia, local, or other court, administrative agency or other forum seeking damages or other relief on their behalf relating directly or indirectly to any claims released herein, and she hereby withdraws any pending claims related thereto.  Plaintiff agrees that any such lawsuit, if filed, shall be dismissed with prejudice and if Plaintiff sues The Body Shop in violation of this Agreement, she shall be liable to The Body Shop for its reasonable attorneys' fees and other litigation costs in litigating such a suit.  Plaintiff specifically represents that at the time of signing this Agreement no complaints or charges by her are pending or contemplated against The Body Shop other than the claims asserted in the Litigation.  Plaintiff warrants that this is a general release and warrants that there has been no assignment or transfer of any claims covered hereby.

10.    <u>Governmental Agencies</u>. Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

11.    <u>Non-Disparagement</u>. Plaintiff, on behalf of herself and her heirs, agents and assigns, agrees that she, her heirs, agents and assigns, shall not directly or indirectly make any written or oral statements critical or disparaging of The Body Shop, its successors, parents, subsidiaries or affiliates to the news media or any other person, or request any other person to do so, including but not limited to, statements concerning her employment with The Body Shop or the facts and circumstances of the underlying dispute. Plaintiff, on behalf of herself and her heirs, agents and assigns, further warrants that she, her heirs, agents and assigns, have made no written or oral statements critical or disparaging of The Body Shop to the news media nor have they requested any other person to do so. Plaintiff further agrees not to engage in communications (oral or written), conduct or actions which would criticize, denigrate or disparage The Body Shop or any related or affiliated entity and/or any of its officers, directors, agents, representatives or employees or otherwise adversely affect their business or professional reputations.

12.    <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties concerning the subject matter hereof, and merges all prior discussions and negotiations between them. No extrinsic oral or written statements, representations or terms shall modify, vary or contradict the terms of this Agreement.

13.    <u>Construction</u>. The Parties acknowledge that this Agreement is a joint product and shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

14.    <u>Severability</u>. If any provision of this Agreement shall be declared or determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity or enforceability of the remaining parts, terms or provisions shall not be affected and shall continue in full force and effect to the extent permitted by law, and the illegal, invalid or unenforceable part, term or provision shall be deemed not to be part of the Agreement. Neither one nor more waivers by either Party of a breach of, or default under, any of the provisions of this Agreement, nor one or more failures of either Party to enforce any of the provisions of this Agreement shall thereafter be construed as a waiver of any subsequent breach or default of a similar nature, or as a waiver of any provisions, rights, or privileges under the Agreement.

15.    <u>Representation by Counsel</u>. Plaintiff acknowledges that through this Agreement, she is being advised that she may consult an attorney regarding her participation in this Agreement, and Plaintiff acknowledges that she in fact has been represented by counsel of her choice throughout all negotiations that preceded the execution of this Agreement, and this

```
** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

TIME RECEIVED                    REMOTE CSID              DURATION   PAGES   STATUS
August 3, 2015 4:02:32 PM EDT                            42         1       Received
```
Aug 03 2015 3:22PM HP Fax                              page 1

Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement. Plaintiff also acknowledges that she is participating voluntarily and knowingly in exchange for the consideration described herein. Plaintiff further acknowledges that she has read this Agreement in its entirety, has had a full and fair opportunity to consider and understand its terms, and to be advised by her counsel. Plaintiff agrees that, except as stated in paragraph 1, she shall be solely responsible for her attorneys' fees in connection with the events or negotiations or considerations leading to or related to the Agreement.

16.     Amendments. This Agreement may not be changed, altered or modified after its execution, except in writing and signed by the Parties.

17.     Governing Law. This Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Georgia, and the rights and obligations of the Parties to this Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Georgia, without giving effect to that State's choice-of-law principles, and, where applicable, under federal law.

18.     Enforcement. In the event that either Plaintiff or The Body Shop brings an action in law or equity, for an alleged breach of the Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs incurred in connection with such action, and such attorneys' fees and costs shall be paid by the non-prevailing party.

19.     Counterparts. This Agreement may be executed in counterparts, in which case all such counterparts shall constitute one and the same Agreement. This Agreement may be executed by a Party's signature transmitted by fax or by electronic mail in pdf format and copies of this Agreement executed and delivered by means of faxed or pdf signatures shall have the same force and effect as copies hereof executed and delivered with original signatures.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement on the date(s) set forth below:

_____                    _____
Larien Downs, Plaintiff                     The Body Shop

                                            By:   Todd R. Meyer, Esq.
                                                  General Counsel, Secretary & Vice
                                                  President of Real Estate

Date: August 3, 2015                        Date: 08/14/15

6

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "Agreement") is made and entered into by and between Elgena Lyles, on her own behalf and on behalf of her heirs, executors, administrators, trustees, agents, attorneys, representatives and assigns (hereinafter collectively referred to as "Plaintiff") and Buth-Na-Bodhaige, Inc. d/b/a The Body Shop ("The Body Shop"). Plaintiff and The Body Shop will be referred to individually as a "Party" and collectively as the "Parties."

**WHEREAS,** plaintiff Lyles has litigation pending against The Body Shop, captioned *Vanessa McElwain v. The Body Shop*, Civil Action No. 1:14-cv-02763, in the United States District Court for the Northern District of Georgia (the "Litigation");

**WHEREAS,** The Body Shop and Plaintiff desire to resolve all disputes and claims that they have, may have, or could have, without any further proceedings and without either party admitting any fault;

**WHEREAS,** The Body Shop denies any liability or wrongdoing of any kind; and

**NOW THEREFORE,** in consideration of the mutual promises and covenants set forth below, and intending to be legally bound, The Body Shop and Plaintiff agree as follows:

1.  <u>Settlement Payments</u>. The Body Shop agrees to pay the following:

a.  $4,000.00 to Elgena Lyles, less applicable withholdings (for which the company shall issue a Form W-2) which represents back wages; and

b.  $4,000.00 to Elgena Lyles, without withholdings (for which The Body Shop shall issue a Form 1099) which represents liquidated damages.

The payments of above shall be **delivered** to Plaintiffs' counsel on or before **noon, Monday, August 31, 2015,** c/o C. Ryan Morgan, Morgan & Morgan, P.A., 20 N. Orange Ave., Suite 1400, Orlando, Florida 32801. Payment by this date is expressly contingent upon receipt by The Body Shop's counsel of a copy of a Form W-9 executed by Plaintiff on or before August 1, 2015, and Plaintiff's execution of this Agreement on before August 3, 2015. If Plaintiff does not provide executed copies of this Agreement or Form W-9 as required herein, The Body Shop may delay payment until such forms are received so long as all monies are tendered within thirty (30) days of Plaintiff's execution of the same. The failure of one Plaintiff or Opt-In Plaintiff in the Litigation to timely return executed copies of the Settlement Documents shall not relieve The Body Shop of its obligations to timely tender payments for the other Plaintiffs in Case No. 1:14-cv-02763. Plaintiffs' counsel agrees to hold all funds in trust until the Court enters an order dismissing the Litigation in its entirety.

2.  <u>Tax Liability (if any)</u>. The Body Shop has given Plaintiff no tax advice as to the treatment of the payments made to them pursuant to this Agreement, and Plaintiff

acknowledges that she has the sole and complete responsibility to seek tax and accounting counsel with regard to the tax consequences or ramifications of the payments made to her pursuant to this Agreement. Should any federal, state or local taxes, fines or penalties be determined to be owing on the payments received by Plaintiff under this Agreement, she shall be solely and completely responsible for such taxes, fines or penalties and any and all other payments demanded, and The Body Shop shall not be responsible for any such taxes, fines, penalties or other such payments. Plaintiff hereby holds harmless and agrees to indemnify The Body Shop for any liability, taxes, fines or penalties that may arise out of The Body Shop not withholding any income taxes or payroll taxes (FICA, FUTA, etc.) from the payments made to the Plaintiff pursuant to this Agreement unless such liability is caused by a wrongful action or inaction of The Body Shop.

        3.     Confidentiality. Plaintiff represents and agrees that she will keep the terms and existence of this Agreement completely confidential and that she will not disclose any information concerning this Agreement to anyone other than her spouse, accountants, attorneys and financial advisors (provided they agree to keep confidential any information concerning this Agreement), except as otherwise required by law, court order or government authority. A violation of the provisions of this paragraph by Plaintiff shall subject Plaintiff to an action in law or equity by The Body Shop for return of all or part of the Settlement Payment paid in Paragraph 1. Plaintiff understands that she has acquired confidential information concerning The Body Shop (collectively termed "Trade Secrets" herein), all of which information would be damaging to The Body Shop if disclosed to a competitor. She agrees that such information has been divulged to her in confidence and that she will keep such information secret and confidential, and she will not disclose or communicate Trade Secrets to a competitor or in any way make use of such information on her own behalf, or on behalf of any competitor. Plaintiff and her attorney will return any property, information and/or documents of The Body Shop in their possession, custody or control to The Body Shop's counsel, Kerry Alan Scanlon, at the address set forth in paragraph 1 of this Agreement, along with the executed copy of this Agreement, or affirm that such documents have been destroyed. Plaintiff agrees that a breach of this provision voids The Body Shop's obligations hereunder

        4.     Court Approval. Pursuant to Eleventh Circuit authority, the parties will seek Court approval of the Agreement as it relates to the dismissal of the claims asserted under the FLSA. Plaintiff agrees to cooperate in obtaining such approval taking all steps to maintain confidentiality (which may include filing any agreement *in camera* or under seal). The parties agree that they will submit the Agreement to the Court for approval *in camera* if necessary (or under seal if required to be filed) and jointly recommend to the District Court approval of the Agreement. If the Court does not permit the parties to submit the Agreement *in camera* or under seal, in whole or in part, Plaintiff still agrees to abide and be bound by the confidentiality provisions set forth in Paragraph 3 of this Agreement. The release as to all claims set forth herein shall be fully enforceable with or without Court approval. Plaintiff will dismiss the Litigation with prejudice pursuant to Fed. R. Civ. P. 41 within three (3) business days of the Court's decision on approval of the settlement. If any subsequent lawsuit or claim is filed by Plaintiff alleging unpaid overtime compensation and related damages which is covered and released by this Agreement, the Parties agree to immediately move for approval of this executed Agreement before any court of competent jurisdiction. Should Plaintiff not be permitted to

dismiss the Litigation with prejudice by the Court for any reason, Plaintiff will not be entitled to receive the payments set forth in Paragraph 1.

      5.    <u>No Future Employment with The Body Shop</u>.  Plaintiff has agreed that she will not, at any time in the future, seek employment with The Body Shop or any of its related entities, successors, affiliates or its or their parents or subsidiaries.  Any application for employment by Plaintiff may be rejected without explanation or liability pursuant to this paragraph.  Plaintiff has agreed that she will not knowingly provide services to The Body Shop (including its related entities, successors, affiliates, or its or their parents or subsidiaries) as an independent contractor, consultant, temporary agency, temporary employee or agent, and any assignment to The Body Shop (including its related entities, successors, affiliates, or its or their parents or subsidiaries) in such capacity may be declined without explanation or liability pursuant to this paragraph.  If any prospective employer of Plaintiff's contacts The Body Shop regarding Plaintiff, The Body Shop shall give a neutral reference, only indicating Plaintiff's dates of employment, pay rates, and position(s).

      6.    <u>No Admission of Liability</u>.  By executing this Agreement, The Body Shop (including its current or former affiliates, parents, owners, officers, directors, agents, representatives or employees) does not admit any liability and specifically denies any wrongdoing and denies that Plaintiff is entitled to any damages.  The Body Shop denies all claims as to liability, wrongdoing, damages, liquidated damages, treble damages, penalties, interest, fees, injunctive relief and all other forms of relief.  Because The Body Shop denies all allegations of the violation of any law, statute, regulation, common law, tort, or contract, this Agreement results solely from the Parties' desire to resolve expeditiously disputed issues of law and fact and to save litigation costs and further attorneys' fees.  Plaintiff shall not be deemed a prevailing party for purposes of any attorney's fee-shifting statutes.

      7.    <u>Inadmissibility</u>.  This Agreement shall be inadmissible in any legal proceeding except one to enforce its terms.  Additionally, neither the settlement described in this Agreement, nor the Agreement itself, nor any act performed or document executed pursuant to, or in furtherance of the settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any claim, or of any wrongdoing or liability of The Body Shop; or (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of The Body Shop in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of the settlement described in this Agreement, shall constitute evidence with respect to any issue or dispute in any pending or future lawsuit, legal proceeding or administrative proceeding, except for legal proceedings concerning the implementation, interpretation or enforcement of this Agreement.

      8.    <u>Release of All Claims</u>.  In consideration of this Agreement and the monies and other good and valuable consideration provided to Plaintiff pursuant to this Agreement, Plaintiff, on behalf of herself and her heirs, executors, administrators, trustees, representatives, agents, attorneys, and assigns, hereby irrevocably and unconditionally releases, waives and forever discharges any and all past, present, and future claims, liabilities, obligations, promises, agreements, controversies, damages, injuries, judgments, complaints, charges, suits, rights,

demands, costs, bonds, bills, losses, penalties, fines, liens, debts and expenses (including attorneys' fees and costs), actions and causes of action (including any suits, petitions, demands or other claims in law, equity or arbitration) that have ever arisen or might have arisen at any time up to and including the date of her signing this Agreement (whether known or unknown, asserted or unasserted, accrued or contingent, liquidated or unliquidated, and whether arising under common law, statutory law, or other source of law) against The Body Shop, and any or all of its current or former subsidiaries, parents, affiliates, owners, officers, directors, employees, representatives, agents, attorneys, predecessors, successors, insurers, joint ventures, benefits plans, plan administrators, and assigns, and any or all of its or their respective current or former subsidiaries, parents, affiliates, owners, officers, directors, employees, representatives, agents, attorneys, predecessors, successors, insurers, joint ventures, benefits plans, plan administrators, and assigns (collectively, "Released Parties"), including, without any limitation on the general nature of the foregoing release, any claims based upon or arising out of the same events, transactions, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Litigation; any claims relating to Plaintiff's employment or any benefits from her employment with The Body Shop; any claims relating to the non-payment of wages; any claims for failing to compensate for alleged work done off-the-clock; any wage and hour claims under applicable federal, state or local law; any claims related to unemployment or overtime compensation; any claims for compensatory damages; any claims for liquidated or treble damages; any claims for attorney's fees; any claims for medical, physical and/or mental health benefits or compensation; any claims relating to Plaintiff's termination or resignation of employment at The Body Shop; and any claims raised or that could have been raised in the Litigation. This Agreement shall specifically include the release of any claims, whether at law or in equity, that Plaintiff might bring against any of the Released Parties under any federal, state or local law or regulation of any kind whatsoever, specifically including any claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. and the Georgia Wage Payment and Work Hour Laws, as well as any claims arising in contract or tort, such as claims for negligent or intentional infliction of emotional distress, breach of contract, fraud, or any other unlawful behavior, as well as any claim under any express or implied employment or personal contract.

9. <u>Covenant Not To Sue</u>. Plaintiff agrees not to sue, or otherwise institute or cause to be instituted or in any way voluntarily participate in or assist in the prosecution of (whether as an individual or class representative) any proceedings against any of the Released Parties (as defined herein) in any federal, state, District of Columbia, local, or other court, administrative agency or other forum seeking damages or other relief on their behalf relating directly or indirectly to any claims released herein, and she hereby withdraws any pending claims related thereto. Plaintiff agrees that any such lawsuit, if filed, shall be dismissed with prejudice and if Plaintiff sues The Body Shop in violation of this Agreement, she shall be liable to The Body Shop for its reasonable attorneys' fees and other litigation costs in litigating such a suit. Plaintiff specifically represents that at the time of signing this Agreement no complaints or charges by her are pending or contemplated against The Body Shop other than the claims asserted in the Litigation. Plaintiff warrants that this is a general release and warrants that there has been no assignment or transfer of any claims covered hereby.

10.     Governmental Agencies.  Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency.  However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

11.     Non-Disparagement.  Plaintiff, on behalf of herself and her heirs, agents and assigns, agrees that she, her heirs, agents and assigns, shall not directly or indirectly make any written or oral statements critical or disparaging of The Body Shop, its successors, parents, subsidiaries or affiliates to the news media or any other person, or request any other person to do so, including but not limited to, statements concerning her employment with The Body Shop or the facts and circumstances of the underlying dispute.  Plaintiff, on behalf of herself and her heirs, agents and assigns, further warrants that she, her heirs, agents and assigns, have made no written or oral statements critical or disparaging of The Body Shop to the news media nor have they requested any other person to do so.  Plaintiff further agrees not to engage in communications (oral or written), conduct or actions which would criticize, denigrate or disparage The Body Shop or any related or affiliated entity and/or any of its officers, directors, agents, representatives or employees or otherwise adversely affect their business or professional reputations.

12.     Entire Agreement.  This Agreement constitutes the entire agreement between the Parties concerning the subject matter hereof, and merges all prior discussions and negotiations between them.  No extrinsic oral or written statements, representations or terms shall modify, vary or contradict the terms of this Agreement.

13.     Construction.  The Parties acknowledge that this Agreement is a joint product and shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

14.     Severability.  If any provision of this Agreement shall be declared or determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity or enforceability of the remaining parts, terms or provisions shall not be affected and shall continue in full force and effect to the extent permitted by law, and the illegal, invalid or unenforceable part, term or provision shall be deemed not to be part of the Agreement. Neither one nor more waivers by either Party of a breach of, or default under, any of the provisions of this Agreement, nor one or more failures of either Party to enforce any of the provisions of this Agreement shall thereafter be construed as a waiver of any subsequent breach or default of a similar nature, or as a waiver of any provisions, rights, or privileges under the Agreement.

15.     Representation by Counsel.  Plaintiff acknowledges that through this Agreement, she is being advised that she may consult an attorney regarding her participation in this Agreement, and Plaintiff acknowledges that she in fact has been represented by counsel of her choice throughout all negotiations that preceded the execution of this Agreement, and this

5

Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement. Plaintiff also acknowledges that she is participating voluntarily and knowingly in exchange for the consideration described herein. Plaintiff further acknowledges that she has read this Agreement in its entirety, has had a full and fair opportunity to consider and understand its terms, and to be advised by her counsel. Plaintiff agrees that, except as stated in paragraph 1, she shall be solely responsible for her attorneys' fees in connection with the events or negotiations or considerations leading to or related to the Agreement.

16.     Amendments. This Agreement may not be changed, altered or modified after its execution, except in writing and signed by the Parties.

17.     Governing Law. This Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Georgia, and the rights and obligations of the Parties to this Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Georgia, without giving effect to that State's choice-of-law principles, and, where applicable, under federal law.

18.     Enforcement. In the event that either Plaintiff or The Body Shop brings an action in law or equity, for an alleged breach of the Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs incurred in connection with such action, and such attorneys' fees and costs shall be paid by the non-prevailing party.

19.     Counterparts. This Agreement may be executed in counterparts, in which case all such counterparts shall constitute one and the same Agreement. This Agreement may be executed by a Party's signature transmitted by fax or by electronic mail in pdf format and copies of this Agreement executed and delivered by means of faxed or pdf signatures shall have the same force and effect as copies hereof executed and delivered with original signatures.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement on the date(s) set forth below.

_____          _____
Elgena Lyles, Plaintiff                                    The Body Shop

                                                           By:    Todd R. Meyer, Esq.
                                                                  General Counsel, Secretary & Vice
                                                                  President of Real Estate

Date: ___8/3/15___                                         Date: ___08/14/15___

6

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

   This Confidential Settlement Agreement and Release (the "Agreement") is made and entered into by and between Nzinga Miller-S on her own behalf and on behalf of her heirs, executors, administrators, trustees, agents, attorneys, representatives and assigns (hereinafter collectively referred to as "Plaintiff") and Buth-Na-Bodhaige, Inc. d/b/a The Body Shop ("The Body Shop"). Plaintiff and The Body Shop will be referred to individually as a "Party" and collectively as the "Parties."

   **WHEREAS,** plaintiff Miller-S has litigation pending against The Body Shop, captioned *Vanessa McElvain v. The Body Shop*, Civil Action No. 1:14-cv-02763, in the United States District Court for the Northern District of Georgia (the "Litigation");

   **WHEREAS,** The Body Shop and Plaintiff desire to resolve all disputes and claims that they have, may have, or could have, without any further proceedings and without either party admitting any fault;

   **WHEREAS,** The Body Shop denies any liability or wrongdoing of any kind; and

   **NOW THEREFORE,** in consideration of the mutual promises and covenants set forth below, and intending to be legally bound, The Body Shop and Plaintiff agree as follows:

   1. <u>Settlement Payments</u>. The Body Shop agrees to pay the following:

   a. $3,000.00 to Nzinga Miller-S, less applicable withholdings (for which the company shall issue a Form W-2) which represents back wages; and

   b. $3,000.00 to Nzinga Miller-S, without withholdings (for which The Body Shop shall issue a Form 1099) which represents liquidated damages.

The payments of above shall be **delivered** to Plaintiffs' counsel on or before **noon, Monday, August 31, 2015,** c/o C. Ryan Morgan, Morgan & Morgan, P.A., 20 N. Orange Ave., Suite 1400, Orlando, Florida 32801. Payment by this date is expressly contingent upon receipt by The Body Shop's counsel of a copy of a Form W-9 executed by Plaintiff on or before August 1, 2015, and Plaintiff's execution of this Agreement on before August 3, 2015. If Plaintiff does not provide executed copies of this Agreement or Form W-9 as required herein, The Body Shop may delay payment until such forms are received so long as all monies are tendered within thirty (30) days of Plaintiff's execution of the same. The failure of one Plaintiff or Opt-In Plaintiff in the Litigation to timely return executed copies of the Settlement Documents shall not relieve The Body Shop of its obligations to timely tender payments for the other Plaintiffs in Case No. 1:14-cv-02763. Plaintiffs' counsel agrees to hold all funds in trust until the Court enters an order dismissing the Litigation in its entirety.

   2. <u>Tax Liability (if any)</u>. The Body Shop has given Plaintiff no tax advice as to the treatment of the payments made to them pursuant to this Agreement, and Plaintiff

acknowledges that she has the sole and complete responsibility to seek tax and accounting counsel with regard to the tax consequences or ramifications of the payments made to her pursuant to this Agreement. Should any federal, state or local taxes, fines or penalties be determined to be owing on the payments received by Plaintiff under this Agreement, she shall be solely and completely responsible for such taxes, fines or penalties and any and all other payments demanded, and The Body Shop shall not be responsible for any such taxes, fines, penalties or other such payments. Plaintiff hereby holds harmless and agrees to indemnify The Body Shop for any liability, taxes, fines or penalties that may arise out of The Body Shop not withholding any income taxes or payroll taxes (FICA, FUTA, etc.) from the payments made to the Plaintiff pursuant to this Agreement unless such liability is caused by a wrongful action or inaction of The Body Shop.

3.  Confidentiality. Plaintiff represents and agrees that she will keep the terms and existence of this Agreement completely confidential and that she will not disclose any information concerning this Agreement to anyone other than her spouse, accountants, attorneys and financial advisors (provided they agree to keep confidential any information concerning this Agreement), except as otherwise required by law, court order or government authority. A violation of the provisions of this paragraph by Plaintiff shall subject Plaintiff to an action in law or equity by The Body Shop for return of all or part of the Settlement Payment paid in Paragraph 1. Plaintiff understands that she has acquired confidential information concerning The Body Shop (collectively termed "Trade Secrets" herein), all of which information would be damaging to The Body Shop if disclosed to a competitor. She agrees that such information has been divulged to her in confidence and that she will keep such information secret and confidential, and she will not disclose or communicate Trade Secrets to a competitor or in any way make use of such information on her own behalf, or on behalf of any competitor. Plaintiff and her attorney will return any property, information and/or documents of The Body Shop in their possession, custody or control to The Body Shop's counsel, Kerry Alan Scanlon, at the address set forth in paragraph 1 of this Agreement, along with the executed copy of this Agreement, or affirm that such documents have been destroyed. Plaintiff agrees that a breach of this provision voids The Body Shop's obligations hereunder

4.  Court Approval. Pursuant to Eleventh Circuit authority, the parties will seek Court approval of the Agreement as it relates to the dismissal of the claims asserted under the FLSA. Plaintiff agrees to cooperate in obtaining such approval taking all steps to maintain confidentiality (which may include filing any agreement *in camera* or under seal). The parties agree that they will submit the Agreement to the Court for approval *in camera* if necessary (or under seal if required to be filed) and jointly recommend to the District Court approval of the Agreement. If the Court does not permit the parties to submit the Agreement *in camera* or under seal, in whole or in part, Plaintiff still agrees to abide and be bound by the confidentiality provisions set forth in Paragraph 3 of this Agreement. The release as to all claims set forth herein shall be fully enforceable with or without Court approval. Plaintiff will dismiss the Litigation with prejudice pursuant to Fed. R. Civ. P. 41 within three (3) business days of the Court's decision on approval of the settlement. If any subsequent lawsuit or claim is filed by Plaintiff alleging unpaid overtime compensation and related damages which is covered and released by this Agreement, the Parties agree to immediately move for approval of this executed Agreement before any court of competent jurisdiction. Should Plaintiff not be permitted to

2

dismiss the Litigation with prejudice by the Court for any reason, Plaintiff will not be entitled to receive the payments set forth in Paragraph 1.

5.   No Future Employment with The Body Shop.  Plaintiff has agreed that she will not, at any time in the future, seek employment with The Body Shop or any of its related entities, successors, affiliates or its or their parents or subsidiaries.  Any application for employment by Plaintiff may be rejected without explanation or liability pursuant to this paragraph.  Plaintiff has agreed that she will not knowingly provide services to The Body Shop (including its related entities, successors, affiliates, or its or their parents or subsidiaries) as an independent contractor, consultant, temporary agency, temporary employee or agent, and any assignment to The Body Shop (including its related entities, successors, affiliates, or its or their parents or subsidiaries) in such capacity may be declined without explanation or liability pursuant to this paragraph.  If any prospective employer of Plaintiff's contacts The Body Shop regarding Plaintiff, The Body Shop shall give a neutral reference, only indicating Plaintiff's dates of employment, pay rates, and position(s).

6.   No Admission of Liability.  By executing this Agreement, The Body Shop (including its current or former affiliates, parents, owners, officers, directors, agents, representatives or employees) does not admit any liability and specifically denies any wrongdoing and denies that Plaintiff is entitled to any damages.  The Body Shop denies all claims as to liability, wrongdoing, damages, liquidated damages, treble damages, penalties, interest, fees, injunctive relief and all other forms of relief.  Because The Body Shop denies all allegations of the violation of any law, statute, regulation, common law, tort, or contract, this Agreement results solely from the Parties' desire to resolve expeditiously disputed issues of law and fact and to save litigation costs and further attorneys' fees.  Plaintiff shall not be deemed a prevailing party for purposes of any attorney's fee-shifting statutes.

7.   Inadmissibility.  This Agreement shall be inadmissible in any legal proceeding except one to enforce its terms.  Additionally, neither the settlement described in this Agreement, nor the Agreement itself, nor any act performed or document executed pursuant to, or in furtherance of the settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any claim, or of any wrongdoing or liability of The Body Shop; or (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of The Body Shop in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of the settlement described in this Agreement, shall constitute evidence with respect to any issue or dispute in any pending or future lawsuit, legal proceeding or administrative proceeding, except for legal proceedings concerning the implementation, interpretation or enforcement of this Agreement.

8.   Release of All Claims.  In consideration of this Agreement and the monies and other good and valuable consideration provided to Plaintiff pursuant to this Agreement, Plaintiff, on behalf of herself and her heirs, executors, administrators, trustees, representatives, agents, attorneys, and assigns, hereby irrevocably and unconditionally releases, waives and forever discharges any and all past, present, and future claims, liabilities, obligations, promises, agreements, controversies, damages, injuries, judgments, complaints, charges, suits, rights,

3

demands, costs, bonds, bills, losses, penalties, fines, liens, debts and expenses (including attorneys' fees and costs), actions and causes of action (including any suits, petitions, demands or other claims in law, equity or arbitration) that have ever arisen or might have arisen at any time up to and including the date of her signing this Agreement (whether known or unknown, asserted or unasserted, accrued or contingent, liquidated or unliquidated, and whether arising under common law, statutory law, or other source of law) against The Body Shop, and any or all of its current or former subsidiaries, parents, affiliates, owners, officers, directors, employees, representatives, agents, attorneys, predecessors, successors, insurers, joint ventures, benefits plans, plan administrators, and assigns, and any or all of its or their respective current or former subsidiaries, parents, affiliates, owners, officers, directors, employees, representatives, agents, attorneys, predecessors, successors, insurers, joint ventures, benefits plans, plan administrators, and assigns (collectively, "Released Parties"), including, without any limitation on the general nature of the foregoing release, any claims based upon or arising out of the same events, transactions, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Litigation; any claims relating to Plaintiff's employment or any benefits from her employment with The Body Shop; any claims relating to the non-payment of wages; any claims for failing to compensate for alleged work done off-the-clock; any wage and hour claims under applicable federal, state or local law; any claims related to unemployment or overtime compensation; any claims for compensatory damages; any claims for liquidated or treble damages; any claims for attorney's fees; any claims for medical, physical and/or mental health benefits or compensation; any claims relating to Plaintiff's termination or resignation of employment at The Body Shop; and any claims raised or that could have been raised in the Litigation. This Agreement shall specifically include the release of any claims, whether at law or in equity, that Plaintiff might bring against any of the Released Parties under any federal, state or local law or regulation of any kind whatsoever, specifically including any claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. and the Georgia Wage Payment and Work Hour Laws, as well as any claims arising in contract or tort, such as claims for negligent or intentional infliction of emotional distress, breach of contract, fraud, or any other unlawful behavior, as well as any claim under any express or implied employment or personal contract.

    9.  <u>Covenant Not To Sue</u>. Plaintiff agrees not to sue, or otherwise institute or cause to be instituted or in any way voluntarily participate in or assist in the prosecution of (whether as an individual or class representative) any proceedings against any of the Released Parties (as defined herein) in any federal, state, District of Columbia, local, or other court, administrative agency or other forum seeking damages or other relief on their behalf relating directly or indirectly to any claims released herein, and she hereby withdraws any pending claims related thereto. Plaintiff agrees that any such lawsuit, if filed, shall be dismissed with prejudice and if Plaintiff sues The Body Shop in violation of this Agreement, she shall be liable to The Body Shop for its reasonable attorneys' fees and other litigation costs in litigating such a suit. Plaintiff specifically represents that at the time of signing this Agreement no complaints or charges by her are pending or contemplated against The Body Shop other than the claims asserted in the Litigation. Plaintiff warrants that this is a general release and warrants that there has been no assignment or transfer of any claims covered hereby.

10.     Governmental Agencies. Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

11.     Non-Disparagement. Plaintiff, on behalf of herself and her heirs, agents and assigns, agrees that she, her heirs, agents and assigns, shall not directly or indirectly make any written or oral statements critical or disparaging of The Body Shop, its successors, parents, subsidiaries or affiliates to the news media or any other person, or request any other person to do so, including but not limited to, statements concerning her employment with The Body Shop or the facts and circumstances of the underlying dispute. Plaintiff, on behalf of herself and her heirs, agents and assigns, further warrants that she, her heirs, agents and assigns, have made no written or oral statements critical or disparaging of The Body Shop to the news media nor have they requested any other person to do so. Plaintiff further agrees not to engage in communications (oral or written), conduct or actions which would criticize, denigrate or disparage The Body Shop or any related or affiliated entity and/or any of its officers, directors, agents, representatives or employees or otherwise adversely affect their business or professional reputations.

12.     Entire Agreement. This Agreement constitutes the entire agreement between the Parties concerning the subject matter hereof, and merges all prior discussions and negotiations between them. No extrinsic oral or written statements, representations or terms shall modify, vary or contradict the terms of this Agreement.

13.     Construction. The Parties acknowledge that this Agreement is a joint product and shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

14.     Severability. If any provision of this Agreement shall be declared or determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity or enforceability of the remaining parts, terms or provisions shall not be affected and shall continue in full force and effect to the extent permitted by law, and the illegal, invalid or unenforceable part, term or provision shall be deemed not to be part of the Agreement. Neither one nor more waivers by either Party of a breach of, or default under, any of the provisions of this Agreement, nor one or more failures of either Party to enforce any of the provisions of this Agreement shall thereafter be construed as a waiver of any subsequent breach or default of a similar nature, or as a waiver of any provisions, rights, or privileges under the Agreement.

15.     Representation by Counsel. Plaintiff acknowledges that through this Agreement, she is being advised that she may consult an attorney regarding her participation in this Agreement, and Plaintiff acknowledges that she in fact has been represented by counsel of her choice throughout all negotiations that preceded the execution of this Agreement, and this

```
** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

TIME RECEIVED                    REMOTE CSID        DURATION   PAGES   STATUS
August 3, 2015 1:44:21 PM EDT                       40         1       Received
```
Aug 03 15 01:43p                                                              p.1

Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement. Plaintiff also acknowledges that she is participating voluntarily and knowingly in exchange for the consideration described herein. Plaintiff further acknowledges that she has read this Agreement in its entirety, has had a full and fair opportunity to consider and understand its terms, and to be advised by her counsel. Plaintiff agrees that, except as stated in paragraph 1, she shall be solely responsible for her attorneys' fees in connection with the events or negotiations or considerations leading to or related to the Agreement.

16.    Amendments. This Agreement may not be changed, altered or modified after its execution, except in writing and signed by the Parties.

17.    Governing Law. This Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Georgia, and the rights and obligations of the Parties to this Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Georgia, without giving effect to that State's choice-of-law principles, and, where applicable, under federal law.

18.    Enforcement. In the event that either Plaintiff or The Body Shop brings an action in law or equity, for an alleged breach of the Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs incurred in connection with such action, and such attorneys' fees and costs shall be paid by the non-prevailing party.

19.    Counterparts. This Agreement may be executed in counterparts, in which case all such counterparts shall constitute one and the same Agreement. This Agreement may be executed by a Party's signature transmitted by fax or by electronic mail in pdf format and copies of this Agreement executed and delivered by means of faxed or pdf signatures shall have the same force and effect as copies hereof executed and delivered with original signatures.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement on the date(s) set forth below.

Nzinga Miller/S, Plaintiff                    The Body Shop

                                              By:    Todd R. Meyer, Esq.
                                                     General Counsel, Secretary & Vice
                                                     President of Real Estate

Date: 8/3/15                                  Date: 08/14/15

6

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| **VANESSA MCELWAIN, ON BEHALF OF HERSELF AND THOSE SIMILARLY SITUATED,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **Civil Action No. 1:14-cv-02763-MHC** |
| **BUTH-NA-BODHAIGE, INC. D/B/A THE BODY SHOP,** | ) ) ) | |
| **Defendant.** | ) ) | |
| _____ | ) | |

**[PROPOSED] ORDER GRANTING JOINT MOTION FOR APPROVAL OF
SETTLEMENT AND DISMISSAL OF ALL CLAIMS WITH PREJUDICE**

Having considered the parties' Joint Motion for Approval of Settlement and

Dismissal of All Claims with Prejudice, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      The Joint Motion for Approval of Settlement is **GRANTED**.

2.      The Court finds that the agreed-upon terms and conditions of

settlement of this matter, as set forth in the Settlement Agreements, are fair and

reasonable under the circumstances, and the Settlement Agreements are hereby

**APPROVED**.

3.      This cause is hereby **DISMISSED** with prejudice, with costs and fees

to be paid pursuant to the terms of the Settlement Agreements.

**DONE** and **ORDERED** in Chambers, in Atlanta, Georgia, this ____ day of

_____, 2015.


_____
MARK H. COHEN
UNITED STATES DISTRICT JUDGE